DAVID A. HUBBERT
Deputy Assistant Attorney General

CHELSEA BISSELL (MTBN 58862977)
KENTON MCINTOSH (DCBN 1656705)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
(202) 307-1372 (CB)
(202) 514-3768 (KM)
(202) 307-0054 (f)
Chelsea.E.Bissell@usdoj.gov
Kenton.McIntosh@usdoj.gov
Western.TaxCivil@usdoj.gov

*Counsel for United States of America*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMR HEALTH SERVICES, INC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No.: 4:24-cv-01884-EKL <br><br> **UNITED STATES' ANSWER AMENDED TO INCLUDE COUNTERCLAIM** |

The United States of America answers as follows. Any facts not explicitly admitted are denied. To clearly respond to Plaintiff's complaint, the United States has copied the complaint verbatim. Substantive errors in the copied text are marked with "[sic]"; non-substantive errors remain unmarked.

1.    *This is an action arising under the internal revenue laws of the United States for the recovery of the Employee Retention Credit denied and repayment assessed and collected from Plaintiff.*

**Response:** Paragraph No. 1 consists only of Plaintiff's description of the general laws

Answer & Counterclaim
4:42-cv-01884-EKL

under which it brought this proceeding and contains no allegation. To the extent this statement does contain any allegation to which the United States is required to respond, the United States denies any such allegations.

2.      *Jurisdiction is conferred on this Court by Title 28, United States Code, Section 1346(a)(1), and Title 26, United States Code, Section 7422.*

**Response:** Admits.

3.      *Plaintiff is a domestic corporation formed under the laws of the state of California, with its principle place of business as 7041 Koll Center Pkwy Suite 210, Pleasanton, CA 94566.*

**Response:** Admits.

4.      *The defendant is the United States of America.*

**Response:** Admits.

5.      *On July 31, 2020, Plaintiff timely filed timely quarterly payroll taxes Form 941 for tax periods: 2nd Quarter of 2020 with the Internal Revenue Service and paid the reported thereon in the amount of $308,340.93.*

**Response:** The United States admits that it received a Form 941 from Plaintiff on or around July 31, 2020 for the 2nd Quarter of 2020 reporting $308,340.93. The United States admits that Plaintiff fully paid the amount reported on this Form 941.

6.      *On October 31, 2020, Plaintiff timely filed timely quarterly payroll taxes Form 941 for tax periods: 3rd Quarter of 2020 with the Internal Revenue Service and paid the reported thereon in the amount of $273,206.63.*

**Response:** The United States admits that it received a Form 941 from Plaintiff on or

Answer & Counterclaim
4:42-cv-01884-EKL

around October 31, 2020 for the 3rd Quarter of 2020 reporting $273,206.63. The United States admits that Plaintiff fully paid the amount reported on this Form 941.

7.      *On January 31, 2020,* [sic] *Plaintiff timely filed timely quarterly payroll taxes Form 941 for tax periods: 4th Quarter of 2020 with the Internal Revenue Service and paid the reported thereon in the amount of $301,437.96.*

**Response:** The United States denies that Plaintiff timely filed its quarterly payroll taxes Form 941 for the 4th Quarter of 2020 on January 31, *2020*. However, to the extent that Plaintiff intended paragraph 7 to state that it timely filed quarterly payroll taxes Form 941 for the 4th Quarter of 2020 on January 31, *2021*, the United States admits that it received a Form 941 from Plaintiff on or around January 31, 2021 for the 4th Quarter of 2020 reporting $301,437.96. The United States admits that Plaintiff fully paid the amount reported on this Form 941.

8.      *On April 30, 2021, Plaintiff timely filed timely quarterly payroll taxes Form 941 for tax periods: 1st Quarter of 2021 with the Internal Revenue Service and paid the reported thereon in the amount of $306,693.62.*

**Response:** The United States admits that it received a Form 941 from Plaintiff on or around April 30, 2021 for the 1st Quarter of 2021 reporting $306,693.62. The United States admits that Plaintiff fully paid the amount reported on this Form 941.

9.      *On July 31, 2021, Plaintiff timely filed timely quarterly payroll taxes Form 941 for tax periods: 2nd Quarter of 2021 with the Internal Revenue Service and paid the reported thereon in the amount of $336,272.29.*

**Response:** The United States admits that it received a Form 941 from Plaintiff on or around July 31, 2021 for the 2nd Quarter of 2021 reporting $336,272.29. The United States admits that Plaintiff fully paid the amount reported on this Form 941.

Answer & Counterclaim
4:42-cv-01884-EKL

10.     *On October 31, 2021, Plaintiff timely filed timely quarterly payroll taxes Form 941 for tax periods: 3rd Quarter of 2021 with the Internal Revenue Service and paid the reported thereon in the amount of $320,253.27.*

**Response:** The United States admits that it received a Form 941 from Plaintiff on or around October 31, 2021 for the 3rd Quarter of 2021 reporting $320,253.27. The United States admits that Plaintiff fully paid the amount reported on this Form 941.

11.     *On approximately February 20, 2022, Plaintiff timely filed timely 941-Xs, claiming the Employee Retention Credit for tax periods: 2nd Quarter of 2020, 3rd Quarter of 2020, 4th Quarter of 2020, 1st Quarter of 2021, 2nd Quarter of 2021, 3rd Quarter of 2021 and 4th Quarter of 2021 with the Internal Revenue Service claiming a total amount of $3,893,827.71. Please see the chart in the next paragraph for a quarterly breakdown.*

**Response:** The United States denies that Plaintiff filed Form 941-Xs with the IRS on or around February 20, 2022. The United States avers, however, that it received timely Forms 941Xs for the quarters at issue on the following dates: 2nd Quarter of 2020 on or around July 7, 2022 and a duplicate Form 941-X on or around March 7, 2023; 3rd Quarter of 2020 on or around July 7, 2022 and a duplicate Form 941-X on or around March 7, 2023; 4th Quarter of 2020 on or around July 7, 2022 and a duplicate Form 941-X on or around March 7, 2023; 1st Quarter of 2021 on or around July 7, 2022; 2nd Quarter of 2021 on or around July 7, 2022 and a duplicate Form 941-X on or around March 7, 2023; 3rd Quarter of 2021 on or around July 7, 2022 and a duplicate Form 941-X on or around March 7, 2023; and 4th Quarter of 2021 on or around July 7, 2022 and a duplicate Form 941-X on or around March 7, 2023. The United States admits that the amounts claimed in the Form 941-Xs filed on or around July 7, 2022 and/or March 7, 2023 claimed refunds totally $3,893,827.71.

/ / /

/ / /

/ / /

/ / /

4

Answer & Counterclaim
4:42-cv-01884-EKL

12.    *On further review the correct amount for each quarter should be:*

| Quarter | Previously Calculated Amount | Corrected Amount |
|---------|------------------------------|------------------|
| 2nd Q 2020 | $558,746.76 | $319,290.97 |
| 3rd Q 2020 | $485,709.69 | $7,153.72 |
| 4th Q 2020 | $544,169.89 | $32,173.41 |
| 1st Q 2021 | $561,902.07 | $446,265.30 |
| 2nd Q 2021 | $603,750.52 | $461,396.43 |
| 3rd Q 2021 | $561,188.55 | $444,437.44 |
| 4th Q 2021 | $578,360.23 | $0.00 |
| Totals | $3,893,827.71 | $1,710,717.27 |

**Response:** Denies that Plaintiff is entitled to the refunds stated in paragraph 12 but admits that Plaintiff's "corrected" refund of $0 for the 4th Quarter of 2021 is correct.

13.    *On September 27, 2023, the Internal Revenue Service denied Plaintiff's claims and assessed $1,047,611.76 with interest for repayment of 3rd Quarter 2020 and 1st Quarter 2021.*

**Response:** The United States admits that the IRS denied Plaintiff's claims for refund and assessed $1,047,611.76 with interest against Plaintiff attributed to refund recapture of $425,481.68 for 3rd Quarter of 2020, refund recapture of $492,226.21 for 1st Quarter of 2021, $60,228 assessment for 3rd Quarter of 2020, and $69,675.86 assessment for 1st Quarter 2020. The United States denies any remaining allegations in paragraph 13.

14.    *The Service assessed the dollar amount above based on the two quarters where refunds were issued to the Plaintiff. 2nd and 4th Quarter of 2020; and 2nd and 3rd Quarter of 2021 where a refund was not issued were denied by the Service and no payment was made.*

**Response:** The United States admits that assessments made against Plaintiff were attributed to refund recapture of $425,481.68 for 3rd Quarter of 2020, refund recapture of $492,226.21 for 1st Quarter of 2021, $60,228 assessment for 3rd Quarter of 2020, and

5

Answer & Counterclaim
4:42-cv-01884-EKL

$69,675.86 assessment for 1st Quarter 2020. The United States denies any remaining allegations in paragraph 14.

15.      *The basis of the assessment was an audit determination that Plaintiff did not qualify for the credit.*

**Response:** Admits.

16.      *However, the Plaintiff does qualify for the Employee Retention Credit because the Plaintiff is a corporation that was partially shutdown due to orders from an appropriate governmental authority limiting commerce, travel and/or group meetings.*

**Response:** Denies.

17.      *As such, the Service was correct in disallowing a portion of the credit but was incorrect in disallowing the entirety of the credit.*

**Response:** Denies that the IRS incorrectly denied any portion of Plaintiff's claimed credits.

18.      *The Plaintiff acknowledges that they will not qualify for the 4th Quarter of 2021 and as shown in the table above is not seeking the refund originally claimed for this quarter.*

**Response:** Paragraph 18 contains only an acknowledgment made by Plaintiff which the United States can neither admit nor deny. To the extent paragraph 18 does contain any allegation to which the United States is required to respond, the United States admits that Plaintiff does not qualify for any refund for the 4th Quarter of 2021 and otherwise denies the allegations in paragraph 18.

19.      *The credits plus interest, that are the subject of this action were erroneously denied and/or illegally assessed and collected from Plaintiff under the internal revenue laws.*

**Response:** Denies.

6

Answer & Counterclaim
4:42-cv-01884-EKL

20.     *For 2nd and 4th Quarter of 2020 and 2nd and 3rd Quarter of 2021 the Employee Retention Credit was never paid, and Plaintiff timely paid the withholding tax. Thus, the Plaintiff has overpaid the amounts listed in paragraph 12.*

**Response:** The United States admits that the IRS never paid the Employee Retention Credit for the quarters listed in paragraph 20 but denies that Plaintiff overpaid in the amounts listed in paragraph 12.

21.     *For 3rd Quarter of 2020 Plaintiff made a payment of $5,000.00 on February 29, 2024.*

**Response:** Admits.

22.     *For 1st Quarter of 2021 Plaintiff made a payment of $7,000.00 on February 29, 2024.*

**Response:** Admits.

23.     *The payments discussed in the previous two paragraphs were made out of an abundance of caution pursuant to the "Divisible Tax Rule" thus creating an overpayment for 3rd Quarter of 2020 and 1st Quarter of 2021.*

**Response:** Paragraph 23 contains only Plaintiff's motivations for making the payments described in paragraphs 21 and 22, which the United States can neither admit nor deny. To the extent paragraph 23 does contain any allegation to which the United States is required to respond, the United States denies the allegations in paragraph 23.

24.     *After payments were made on February 29, 2024, the Plaintiff submitted two (2) Form 843 (Claim for Refund) on March 11, 2024, asking for Immediate Disallowance of the claim. These Form 843s dealt with the two payments above. These claims were ignored by the Service as of the date of this filing. To remedy this situation the Plaintiff mailed a Waiver of the Notice of Disallowance with the original Form 843s on March 22, 2024.*

7

**Response:** The United States denies that Plaintiff submitted Form 843s and Waivers of the Notice of Disallowance to the IRS.

*WHEREFORE, Plaintiff demands judgment in its favor and against the United States:*

*(1)    in the amount of $673,105.51, or such other amount as may be legally refundable, plus interest as provided by law;*

*(2)    eliminate the balance owed to the Service in the amount of $1,047,611.76, plus additional amounts claimed to be owed.*

*(3)    for Plaintiffs' costs, attorneys' fees, and such other and further relief as this Court deems appropriate.*

**Response:** The United States denies that Plaintiff is entitled to its requests for relief for, among other reasons, the reasons discussed in the United States' Answer and requests that this Court deny the relief sought.

## FIRST DEFENSE

To the extent Plaintiff's administrative claims for refund were not "duly filed" with the IRS, the Court lacks jurisdiction over Plaintiff's claims for refund. *Yuen v. United States*, 825 F.2d 244, 245 (9th Cir. 1987). Whether a claim is "duly filed" is determined by 26 U.S.C. §§ 6511 and 7422 and the corresponding regulations. "If the refund claim does not meet the requirements of the Code and the regulations, the suit must be dismissed . . . because filing pursuant to the rules is a jurisdictional prerequisite." *Boyd v. United States*, 762 F.2d 1369, 1371 (9th Cir. 1985).

## SECOND DEFENSE

To the extent Plaintiff's basis for a refund set forth in the complaint was not contained in Plaintiff's claims for refund, it constitutes a variance from the claim for refund filed with the Internal Revenue Service. This Court lacks jurisdiction under 26 U.S.C. § 7422(a) to hear any such alternative claim. *Boyd v. United States*, 762 F.2d 1369, 1371–72 (9th Cir. 1985).

8

**THIRD DEFENSE**

If the Court determines that the Plaintiff has made any overpayment of tax, the United States is entitled, pursuant to 26 U.S.C. § 6402, to reduce any such overpayment based on any additional tax liabilities that the Plaintiff may owe, whether or not previously assessed or alleged.

**FOURTH DEFENSE**

Additionally, Plaintiff's entire tax liability for the litigated tax periods is at issue in this refund suit, and the United States is therefore entitled to reduce any overpayment by any additional tax liabilities that the Plaintiff might owe from this redetermination. *Lewis v. Reynolds*, 284 U.S. 281 (1932); *R.H. Donnelley Corp. v. United States,* 641 F.3d 70 (4th Cir. 2011).

# UNITED STATES' COUNTERCLAIM AGAINST PLAINTIFF

## INTRODUCTION

1. The United States brings this counterclaim to reduce federal employment tax liabilities to judgment.

2. The IRS made federal employment tax assessments against BMR Health Services, Inc. ("BMR"), the plaintiff and counterclaim defendant in this case.

3. This counterclaim is brought pursuant to 26 U.S.C. § 7401 with the authorization and at the request of the Secretary of the Treasury of the United States, acting through her delegate, the Associate Area Counsel of the IRS. The United States files this counterclaim at the direction of the Attorney General of the United States.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this counterclaim under 28 U.S.C. § 1340, 28 U.S.C. § 1346(c), and 26 U.S.C. § 7402.

5. Venue is proper in the Northern District of California under 28 U.S.C. § 1391(d) and 28 U.S.C. § 1396 because BMR is incorporated in California and its principal place of business is Pleasanton, California.

Answer & Counterclaim
4:42-cv-01884-EKL

## TAX LIABILITIES AT ISSUE

6.      BMR is a California-based corporation providing special education teachers and speech, occupational, and physical therapists to clients including, but not limited to, school districts, hospitals, rehabilitation centers, skilled nursing facilities, and early intervention centers.

7.      BMR timely filed Forms 941 (Employer's Quarterly Federal Tax Return) reporting taxes due for the 2nd Quarter of 2020, 3rd Quarter of 2020, 4th Quarter of 2020, 1st Quarter of 2021, 2nd Quarter of 2021, and 3rd Quarter of 2021.

8.      On July 7, 2022, BMR timely filed amended Forms 941-X (Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund) for the 2nd Quarter of 2020, 3rd Quarter of 2020, 4th Quarter of 2020, 1st Quarter of 2021, 2nd Quarter of 2021, and 3rd Quarter of 2021 claiming refunds based on claims to Employee Retention Credits. BMR filed duplicated amended Forms 941-X for the 2nd Quarter of 2020, 3rd Quarter of 2020, 4th Quarter of 2020, 2nd Quarter of 2021, and 3rd Quarter of 2021 on March 7, 2023.

9.      The IRS issued refunds to BMR of $496,786.95 for the 3rd Quarter of 2020 and $574,716.95 for the 1st Quarter of 2021 based on BMR's claim to Employee Retention Credits.

10.     After examining the tax periods at issue, including the 3rd Quarter of 2020 and 1st Quarter of 2021, the IRS determined that BMR was not entitled to Employee Retention Credits for any tax period.

11.     As such, pursuant to 26 U.S.C. § 6201 and 26 C.F.R. §§ 301.6201-1 and 31.3134-1, the IRS assessed against BMR $425,481.68 of employment tax, plus interest, for the 3rd Quarter of 2020 and $429,226.86 of employment tax, plus interest, for the 1st Quarter of 2021 on July 1, 2022.

12.     As a result of the examination, pursuant to 26 U.S.C. § 6201 and 26 C.F.R. §§ 301.6201-1 and 31.3134-1, the IRS also assessed $60,228 attributed to a prior abatement and $33,215.45 of interest against BMR on November 20, 2023, for the 3rd Quarter of 2020.

13.     As a result of the examination, pursuant to 26 U.S.C. § 6201 and 26 C.F.R. §§ 301.6201-1 and 31.3134-1, the IRS also assessed $69,675 attributed to a prior abatement and $38,198.82 of interest against BMR on November 20, 2023, for the 1st Quarter of 2021.

Answer & Counterclaim
4:42-cv-01884-EKL

14.     On November 20, 2023, the IRS issued a statutory notice of balance due for the unpaid assessments for the 3rd Quarter of 2020 and the 1st Quarter of 2021 pursuant to 26 U.S.C. § 6303.

15.     On February 29, 2024, BMR made an advance payment of $5,000 for the 3rd Quarter of 2020, representing the divisible tax of one employee for one quarter.

16.     Also on February 29, 2024, BMR made an advance payment of $7,000 for the 1st Quarter of 2021, representing the divisible tax of one employee for one quarter.

17.     As of August 21, 2024, $682,576.01 remains due for the 3rd Quarter of 2020, plus statutory interest and other additions to tax provided by law that will continue to accrue from that date until paid in full.

18.     As of August 21, 2024, $592,728.19 remains due for the 1st Quarter of 2021 plus statutory interest and other additions to tax provided by law that will continue to accrue from that date until paid in full.

## CLAIM FOR RELIEF

### Reduce Federal Tax Liabilities to Judgment

19.     Despite timely notice and demand for payment of the assessments described above, BMR has failed or refused to pay the assessed amounts, interest, and other statutory additions that have accrued on the assessments.

20.     The United States is entitled to judgment against BMR in the amount of $1,275,304.20 for unpaid federal employment taxes for the 3rd Quarter of 2020 and the 1st Quarter of 2021, plus statutory interest and other additions to tax as provided by law that will continue to accrue until paid in full.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that the Court grant the following relief:

A.     Enter judgment in favor of the United States and against BMR on the assessments for unpaid federal employment taxes for the 3rd Quarter of 2020 and the 1st Quarter of 2021 in

11

Answer & Counterclaim
4:42-cv-01884-EKL

1 the amount of $1,275,304.20, plus interest and other statutory additions accruing thereon as

2 provided by law, minus any payments and credits.

3         B.      Grant the United States its costs in this action and such other and further relief as

4 the Court deems just and proper.

5

6 Respectfully submitted August 21, 2024.

        DAVID A. HUBBERT

7         Deputy Assistant Attorney General

8         */s/ Chelsea Bissell*

9         CHELSEA BISSELL

        KENTON MCINTOSH

10         Trial Attorneys, Tax Division

        U.S. Department of Justice

11

        *Counsel for United States of America*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Answer & Counterclaim
4:42-cv-01884-EKL

1

## **CERTIFICATE OF SERVICE**

2

      I hereby certify that on August 21, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties that have appeared in this case.

3

4

5
          */s/ Chelsea Bissell*

6
          CHELSEA BISSELL
          Trial Attorney, Tax Division
          U.S. Department of Justice

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28