Dennis Evans (CA Bar # 276923)
Dayes Law Firm PC
700 South Flower Street, Suite 1000
Los Angeles, CA 90017
800-503-2000

Trey" Alberte R. Dayes III
(AZ Bar # 07504, UT# 020805 WY# 8-6979)
Dayes Law Firm PC
3101 N. Central Ave #1500
Phoenix, AZ 85012

800-503-2000

# UNITED STATES DISTRICT COURT
# DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| BMR Health Services Inc., <br><br> Plaintiff(s), <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant(s). | Case No.: **4:24-cv-01884-EKL** <br><br> **PLAINTIFF'S ANSWER TO COUNTERCLAIM** <br><br><br> JUDGE: Eumi K. Lee |

The Plaintiff answers as follows. Any facts not explicitly admitted are denied. To clearly respond to the Defendant's Counterclaim, the Plaintiff has copied the counterclaim verbatim.

*1. The United States brings this counterclaim to reduce federal employment tax liabilities to judgment.*

**Response:** Paragraph No. 1 consists only of Defendant's description of the counterclaim. To the extent this statement does contain any allegation to which the Plaintiff is required to respond, the Plaintiff denies any such allegation.

2. The IRS made federal employment tax assessments against BMR Health Services, Inc. ("BMR"), the plaintiff and counterclaim defendant in this case.

**Response:** Admits

3. This counterclaim is brought pursuant to 26 U.S.C. § 7401 with the authorization and at the request of the Secretary of the Treasury of the United States, acting through her delegate, the Associate Area Counsel of the IRS. The United States files this counterclaim at the direction of the Attorney General of the United States.

**Response:** Paragraph 3 consists only of Defendant's description of the general laws under which it brought this counterclaim and contains no allegation. To the extent this statement does contain any allegation to which the Plaintiff is required to respond, the Plaintiff denies any such allegation.

4. The Court has jurisdiction over this counterclaim under 28 U.S.C. § 1340, 28 U.S.C. § 1346(c), and 26 U.S.C. § 7402.

**Response:** Admits

5. Venue is proper in the Northern District of California under 28 U.S.C. § 1391(d) and 28 U.S.C. § 1396 because BMR is incorporated in California and its principal place of business is Pleasanton, California.

**Response:** Admits

6. BMR is a California-based corporation providing special education teachers and speech, occupational, and physical therapists to clients including, but not limited to, school districts, hospitals, rehabilitation centers, skilled nursing facilities, and early intervention centers.

**Response:** Admits to service provided to school districts.

7. BMR timely filed Forms 941 (Employer's Quarterly Federal Tax Return) reporting taxes due for the 2nd Quarter of 2020, 3rd Quarter of 2020, 4th Quarter of 2020, 1st

1  *Quarter of 2021, 2nd Quarter of 2021, and 3rd Quarter of 2021.*

2  **Response:** Admits

3  *8. On July 7, 2022, BMR timely filed amended Forms 941-X (Adjusted Employer's*

4  *Quarterly Federal Tax Return or Claim for Refund) for the 2nd Quarter of 2020, 3rd Quarter*

5  *of 2020, 4th Quarter of 2020, 1st Quarter of 2021, 2nd Quarter of 2021, and 3rd Quarter of*

6  *2021 claiming refunds based on claims to Employee Retention Credits. BMR filed duplicated*

7  *amended Forms 941-X for the 2nd Quarter of 2020, 3rd Quarter of 2020, 4th Quarter of 2020,*

8  *2nd Quarter of 2021, and 3rd Quarter of 2021 on March 7, 2023.*

9  **Response:** Admits

10  *9. The IRS issued refunds to BMR of $496,786.95 for the 3rd Quarter of 2020 and*

11  *$574,716.95 for the 1st Quarter of 2021 based on BMR's claim to Employee Retention Credits.*

12  **Response:** Admits

13  *10. After examining the tax periods at issue, including the 3rd Quarter of 2020 and*

14  *1st Quarter of 2021, the IRS determined that BMR was not entitled to Employee Retention*

15  *Credits for any tax period.*

16  **Response:** Admits this is the position of the Defendant and the IRS.

17  *11. As such, pursuant to 26 U.S.C. § 6201 and 26 C.F.R. §§ 301.6201-1 and 31.3134-*

18  *1, the IRS assessed against BMR $425,481.68 of employment tax, plus interest, for the 3rd*

19  *Quarter of 2020 and $429,226.86 of employment tax, plus interest, for the 1st Quarter of 2021*

20  *on July 1, 2022.*

21  **Response:** The Plaintiff admits the assessments were done pursuant to the law and

22  regulations listed in the counterclaim.  However, the Plaintiff denies the date the assessments

23  were made.  The date of July 1, 2022, predates the filing of any claim for refund and as such

24  could not be a date used for assessment to recapture employment taxes on something that was

25

not requested yet.  In addition, the Plaintiff denies the assessments are owed and/or are valid. The Plaintiff denies any remaining allegations.

*12. As a result of the examination, pursuant to 26 U.S.C. § 6201 and 26 C.F.R. §§ 301.6201-1 and 31.3134-1, the IRS also assessed $60,228 attributed to a prior abatement and $33,215.45 of interest against BMR on November 20, 2023, for the 3rd Quarter of 2020.*

**Response:** Admits to the assessment being made.  However, the Plaintiff denies owing the assessment. In addition, the Plaintiff denies the date used for the assessment and notes the inconsistency of the dates from paragraphs No. 11-13.  The Plaintiff denies any remaining allegations.

*13. As a result of the examination, pursuant to 26 U.S.C. § 6201 and 26 C.F.R. §§ 301.6201-1 and 31.3134-1, the IRS also assessed $69,675 attributed to a prior abatement and $38,198.82 of interest against BMR on November 20, 2023, for the 1st Quarter of 2021.*

**Response:** Admits to the assessment.  However, the Plaintiff denies owing the assessment. In addition, the Plaintiff denies the date used for the assessment and notes the inconsistency of the dates from paragraphs No 11-13.  The Plaintiff denies any remaining allegations.

*15. On February 29, 2024, BMR made an advance payment of $5,000 for the 3rd Quarter of 2020, representing the divisible tax of one employee for one quarter.*

**Response:** Admits

*16. Also on February 29, 2024, BMR made an advance payment of $7,000 for the 1st Quarter of 2021, representing the divisible tax of one employee for one quarter.*

**Response:** Admits

*17. As of August 21, 2024, $682,576.01 remains due for the 3rd Quarter of 2020, plus statutory interest and other additions to tax provided by law that will continue to accrue from that date until paid in full.*

**Response:** Denies that the Plaintiff owes any portion of the above stated amount to the Defendant. The Plaintiff denies any remaining allegations.

18. As of August 21, 2024, $592,728.19 remains due for the 1st Quarter of 2021 plus statutory interest and other additions to tax provided by law that will continue to accrue from that date until paid in full.

**Response:** Denies that the Plaintiff owes any portion of the above stated amount to the Defendant. The Plaintiff denies any remaining allegations.

19. Despite timely notice and demand for payment of the assessments described above, BMR has failed or refused to pay the assessed amounts, interest, and other statutory additions that have accrued on the assessments.

**Response:** Denies that the Plaintiff owes any portion of the above stated amount to the Defendant. The Plaintiff denies any remaining allegations.

20. The United States is entitled to judgment against BMR in the amount of $1,275,304.20 for unpaid federal employment taxes for the 3rd Quarter of 2020 and the 1st Quarter of 2021, plus statutory interest and other additions to tax as provided by law that will continue to accrue until paid in full

**Response:** Denies that the Plaintiff owes any portion of the above stated amount to the Defendant. The Plaintiff denies any remaining allegations.

WHEREFORE, the United States respectfully requests that the Court grant the following relief:

A. Enter judgment in favor of the United States and against BMR on the assessments for unpaid federal employment taxes for the 3rd Quarter of 2020 and the 1st Quarter of 2021 in the amount of $1,275,304.20, plus interest and other statutory additions accruing thereon as provided by law, minus any payments and credits.

B. Grant the United States its costs in this action and such other and further relief as

1  *the Court deems just and proper.*

2  **Response:** The Plaintiff denies that Defendant is entitled to its requests for relief for,
3  among other reasons, the reasons discussed in the Plaintiff's Answer and requests that this
4  Court deny the relief sought.

## Defenses

6  The various defenses to the counterclaim are contained in the Plaintiff's complaint that
7  was served upon the Defendant. In simple terms if the Plaintiff succeeds on the merits of the
8  complaint, the counterclaim is moot as the assessment will be deemed invalid and the money
9  purported to be owed to the Defendant will rightfully belong to the Plaintiff. Additional
10 money may be owed to the Plaintiff as the tax records will need to be adjusted to reflect
11 repayment of abatements to the Plaintiff.

12 In addition, the Defendant has failed to state a claim on which relief can be granted.

14 RESPECTFULLY SUBMITTED this 26th day of August, 2024.

15 /s/ Dennis Evans

16 Dennis Evans
   Dayes Law Firm PC
17 700 South Flower Street, Suite 1000
   Los Angeles, CA 90017
18 800-503-2000

# CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August 2024, a copy of the foregoing has been transmitted electronically through the CM-ECF filing system for filing and transmittal to the following parties of record:

DAVID A. HUBBERT
Deputy Assistant Attorney General
CHELSEA BISSELL (MTBN 58862977)
KENTON MCINTOSH (DCBN 1656705)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
(202) 307-1372 (CB)
(202) 514-3768 (KM)
(202) 307-0054 (f)
Chelsea.E.Bissell@usdoj.gov
Kenton.McIntosh@usdoj.gov
Western.TaxCivil@usdoj.gov
Counsel for United States of America

By: */s/Dennis Evans*