DAVID A. HUBBERT
Deputy Assistant Attorney General

CHELSEA BISSELL (MTBN 58862977)
KENTON MCINTOSH (DCBN 1656705)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
(202) 307-1372 (CB)
(202) 514-3768 (KM)
(202) 307-0054 (f)
Chelsea.E.Bissell@usdoj.gov
Kenton.McIntosh@usdoj.gov
Western.TaxCivil@usdoj.gov

*Counsel for United States of America*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMR HEALTH SERVICES, INC, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case Number: 5:24-cv-01884-EKL <br><br> **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The Parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1. Jurisdiction & Service**

The Parties agree that jurisdiction is proper under 26 U.S.C. §§ 6511 and 7422 and 26 U.S.C. § 1346(a)(1), so long as Plaintiff's administrative claims for refund were "duly filed" with the IRS. The United States contends that discovery is needed to confirm that Plaintiff's administrative claims were duly filed. The Parties agree that the United States was properly served.

**2.      Facts**

Plaintiff has been in operations since 2011. It is a California-based non-public agency providing speech therapists, occupational therapists, physical therapist, and special education teachers to clients including, but not limited to, school districts, hospitals, rehabilitation centers, skilled nursing facilities, and early intervention centers. Plaintiff contends that it primarily serves schools throughout California. From 2020 and through 2021, California, through various government bodies, issued orders, which generally provided restrictions on the operation of businesses because of the COVID-19 pandemic. In 2020, Plaintiff received a Paycheck Protection Program (PPP) Loan, which was partially forgiven in 2021.

In 2023, Plaintiff filed claims for tax refund with the IRS, seeking the tax refunds sought in this case because it contends that it is entitled Employee Retention Credits (ERC). The IRS conducted an examination of the requested refund and denied the claims because it determined that Plaintiff was not an eligible employer for the ERC.

**3.      Legal Issues**

Plaintiff seeks a refund of what it claims to be an overpayment of federal employment taxes pursuant to 26 U.S.C. § 7422. Plaintiff claims it is entitled to the ERC pursuant to 26 U.S.C. § 3134 for the following tax periods: Q2 2020, Q3 2020, Q4 2020, Q1 2021, Q2 2021, and Q3 2021. The United States disputes that Plaintiff is entitled to the ERC. The Parties have identified the following legal issues:

- Whether Plaintiff's administrative claims were "duly filed" under 26 U.S.C. § 7422 and 26 C.F.R. §§ 301.6402-2 and 601.503. Specifically, whether Plaintiff correctly notified the IRS that its accountant, Sartaj Sahota, had authority to sign Forms 941-Xs on Plaintiff's behalf.
- Whether Plaintiff's business was partially suspended by government orders because of COVID-19 in the relevant time periods, pursuant to 26 U.S.C. § 3134(c)(2)(A)(ii)(I)

- Whether Plaintiff should be treated as a single employer with other related business entities, pursuant to 26 U.S.C. § 3134(d).
- Whether Plaintiff, counting related entities, employed more than 500 employees in the relevant quarters, pursuant to 26 U.S.C. § 3134(c)(3)(A).
- Whether Plaintiff properly accounted for PPP loan forgiveness in its ERC claims, pursuant to 26 U.S.C. § 3134(h).
- Whether Plaintiff properly reduced its wage expense on its income tax returns for the 2020 and 2021 calendar years. 26 U.S.C. §§ 260C(a); 3134(e).

The United States filed a counterclaim against BMR to reduce federal tax liabilities to judgment for Q3 2020 and Q1 2021. BMR disputes that it has outstanding liabilities on the basis that it is entitled to the ERC for these periods.

**4.    Motions**

To date, the Parties have not filed any motions in this case. If, after discovery, the United States finds that Plaintiff's claims for refund were not duly filed, it may move to dismiss this case under Fed. R. Civ. P. 12(b)(1). The Parties may choose to file motions for summary judgment after the close of discovery, but do not intend to file any motions in the near future.

**5.    Amendment of Pleadings**

The United States amended its answer to add a counterclaim to reduce to judgment the unpaid portion of Plaintiff's Form 941 liabilities for the 3rd quarter of 2020 and the 1st quarter of 2021 on August 21, 2024 (doc. 30).

**6.    Evidence Preservation**

Counsel for both parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.

The Parties agree that data compilations, photographs, ESI, and other documents will be produced in machine-readable portable document format (PDF) whenever possible, but the

Parties will make such information available in its native electronic format when reasonably possible upon a showing of good cause by the requesting party. The Parties agree that all information will be preserved, identified, and made available for inspection, and have identified possible custodians. The parties agree that claims of privilege shall be made on privilege logs and that there is no need for a Fed. R. Evid. 502(d) order.

The Parties agree that the following categories of ESI need not be preserved:

- Deleted, slack, fragmented, or other data only accessible by forensics.
- Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.
- On-line access data such as temporary internet files, history, cache, cookies, and the like.
- Data in metadata fields that are frequently updated automatically, such as last opened dates.
- Back-up data that are substantially duplicative of data that are more accessible elsewhere.
- Server, system, or network logs.
- Data remaining from systems no longer in use that is unintelligible on the systems in use.
- Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**7.     Disclosures**

The Parties conducted their initial discovery conference pursuant to Fed. R. Civ. P. 26(f) on August 7, 2024. The Parties made their initial disclosures on August 21, 2024.

**8.     Discovery**

The Parties have not yet taken any discovery in this case and have not identified any discovery disputes. The Parties anticipate that they will serve interrogatories, requests for production, and requests for admission on each other, issue subpoenas to third parties who may

have potentially relevant information during the time at issue and will likely take several depositions. The Parties do not anticipate needing to deviate from the discovery limits as imposed by the Federal Rules.

9. **Class Actions**

   The instant case is not a class action.

10. **Related Cases**

    There are no related cases.

11. **Relief**

    BMR is a requesting a tax refund for its Form 941 employment tax liabilities from the second quarter of 2020 through the third quarter of 2021 in the amounts specified in Paragraph 12 of the complaint based off its claimed entitlement to the ERC. The United States may amend its answer to seek a counterclaim to reduce to judgment the unpaid portion of Plaintiff's Form 941 liabilities for the third quarter of 2020 and the first quarter of 2021. The United States is requesting payment of BMR's unpaid employment tax liabilities for the 3rd Quarter of 2020 and the 1st Quarter of 2021.

12. **Settlement and ADR**

    Presently, the Parties want to have the benefit of discovery before discussing settlement. As a threshold matter the United States wants discovery to ensure that Plaintiff's administrative claims were duly filed and to investigate the extent to which Plaintiff was purportedly shutdown by government order(s).

13. **Other References**

    Presently, the Parties do not consent to referring this case.

**14.   Narrowing of Issues**

The Parties agree that ADR is not appropriate at this time and agree to proceed with the case. The Parties will make a good faith effort to pursue settlement informally throughout discovery in this case and may request a conference at a later appropriate time.

**15.   Expedited Trial Procedure**

The Parties do not agree to the Expedited Trial Procedure of General Order 64, Attachment A.

**16.   Scheduling**

The Parties agree that a nine-month discovery period is acceptable and propose the following dates for a scheduling order:

- Motions to amend pleadings or add parties without leave of court: Friday, November 29, 2024.
- Final Case Management Conference: Monday, May 9, 2025.
- Fact discovery cut-off: Thursday, June 5, 2025.
- Expert witness disclosure: Monday, July 7, 2025.
- Rebuttal expert witness disclosure: Friday, September 5, 2025. The requirements of Fed. R. Civ. P. 26(a)(2)(B) shall apply to any such disclosures.
- Expert discovery cut-off: Monday, October 6, 2025.
- Close of briefing on summary judgment, *Daubert* motions, and class certification: Monday, December 15, 2025.
- Dispositive motions hearing: Monday, January 12, 2026.
- Joint pretrial statement due: Thursday, April 16, 2026.
- Pretrial conference: Thursday, April 30, 2026.

**17.    Trial**

The Parties have not requested a jury. At present, the Parties expect that a trial would last three days.

**18.    Disclosure of Non-party Interested Entities or Persons**

The United States does not need to file such certification as a government party.

The Plaintiff has or will be filing a "Certification of Interested Entities or Persons." The Plaintiff has identified Jicky Thomas and Mohan Bhumireddy as being persons with a financial interest. No other persons or entities have an interest.

**19.    Professional Conduct**

The Parties' attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.    Other**

The Parties will endeavor to litigate this matter in good faith and to avoid unnecessary factual disputes.

Dated: September 3, 2024.  /s/ Dennis Evans

Dennis Evans
Dayes Law Firm PC
3101 N. Central Ave. #1300
Phoenix, AZ 85012
800-503-2000

*Counsel for BMR*

Dated: September 3, 2024.  /s/ Chelsea Bissell

DAVID A. HUBBERT
Deputy Assistant Attorney General

CHELSEA BISSELL
KENTON MCINTOSH
Trial Attorneys, Tax Division
U.S. Department of Justice

*Counsel for the United States*

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

UNITED STATES DISTRICT/MAGISTRATE JUDGE